IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTONIO FERNANDO WALKER, ] | |
| ] | |
| Petitioner, ] | |
| ] | |
| v. ] | CIVIL ACTION NO. 03-RRA-1083-W |
| ] | |
| WARDEN BILLY MITCHEM, et al., ] | |
| ] | |
| Respondents. ] | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. 28 U.S.C. § 2254. The petitioner, Antonio Fernando Walker, was convicted on September 28, 1999, in the Circuit Court of Tuscaloosa County, on his guilty to three counts of first degree robbery. He was sentenced to concurrent term of imprisonment for twenty-one years on each count. The Alabama Court of Criminal Appeals affirmed his convictions and sentences in a memorandum opinion released on March 24, 2000. Walker's application for rehearing was overruled on April 14, 2000. On August 18, 2000, his petition for a writ of certiorari was denied and a certificate of judgment was entered.

In June of 2002, Walker filed Rule 32 petitions in the Circuit Court of Tuscaloosa County. The trial court summarily dismissed the petitions on July 29, 2002. The Alabama Court of Criminal Appeals affirmed the denial of his petitions on November 15, 2002. A certificate of judgment was entered on March 28, 2003.

Walker filed a petition for a writ of habeas corpus in this court on May 9, 2003. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. In response, the petitioner filed a traverse.

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection.

Walker's conviction became final on August 18, 2000, when the certificate of judgment was issued in his direct appeal. Thus, the one-year limitations period began to run on August 18, 2000, and expired on August 17, 2001. Walker did not file a petition in this court until May 9, 2003. Therefore, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Walker's Rule 32 petition was not filed until June, 2002, almost one year after the limitations period expired on August 17, 2001. The fact that the petitioner filed a Rule 32 petition after the expiration of the one-year period for filing in federal court did not start the running of the limitations periods anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. *See, e.g.*, *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
> 	Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ.

>   1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y. August 27, 1999). *See also Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004)("A state court filing after the federal habeas filing deadline does not revive it."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.

1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").

Walker argues that the statute of limitations should be equitably tolled or he would suffer a blatant miscarriage of justice. The Supreme Court has never addressed whether the miscarriage of justice exception to procedural default rules is available to overcome the procedural bar of the one-year statute of limitations established by the AEDPA. However, the Eleventh Circuit Court of Appeals has held that "the factual issue of whether the petitioner can make a showing of actual innocence should be first addressed, before addressing the constitutional issue of whether the Suspension Clause requires such an exception for actual innocence." *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000).

In *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court elaborated on the fundamental miscarriage of justice exception and the necessity of showing innocence. To meet this exception, the petitioner "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 327. The standard focuses on the *actual* innocence of the petitioner. As the Supreme Court explained:

> Instead, the emphasis on "actual innocence" allows the reviewing tribunal also to consider the probative force of relevant evidence that was either excluded or unavailable at trial. Indeed, with respect to this aspect of the *Carrier* standard, we believe that Judge Friendly's description of the inquiry is appropriate: the habeas court must make its determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongfully excluded or to have become available only after trial."

5

*Id.* at 327.  (*Quoting* Friendly, *Is Innocence Irrelevant? Collateral Attack on Judgment*, 38 U.Chi.L.Rev. 142, 160 (1970)).  To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.  *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002).

Walker makes no claim that he is actually innocent.  Therefore, he cannot establish that he would suffer a fundamental miscarriage of justice if the court finds his petition is barred by the statute of limitations.

Accordingly, the magistrate judge recommends that the petition for a writ of habeas corpus be DISMISSED because it is barred by the statute of limitations.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk.  Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain.  Frivolous, conclusive, or general objections will not be considered by the District Court.  Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

DONE this 19th day of October, 2005.

    /s/ Robert R. Armstrong
ROBERT R. ARMSTRONG, JR.
UNITED STATES MAGISTRATE JUDGE